## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40161

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2018

Lyle W. Cayce
Clerk

VANITY BENSON,

> Plaintiff - Appellant

v.

TYSON FOODS, INCORPORATED,

> Defendant - Appellee

————————————

Appeal from the United States District Court
for the Eastern District of Texas

————————————

Before WIENER, GRAVES, and HO, Circuit Judges.

PER CURIAM:

Plaintiff Vanity Benson ("Benson") appeals from a jury verdict in favor of defendant Tyson Foods, Inc. ("Tyson") for disability claims that Benson brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. On October 14, 2016, a jury ruled in favor of Tyson at trial. At that time, Benson's counsel did not move for judgment as a matter of law. Final judgment was entered on December 8, 2016.

On January 4, 2017—almost three months after the jury had been dismissed—Benson's lawyer filed a motion for leave to interview jurors post-trial. The next day, Benson moved for a new trial, arguing that the jury

No. 17-40161

ignored the evidence when it concluded that she was not disabled. The district court denied both requests, and Benson appealed.

We turn first to her motion for a new trial under Federal Rule of Civil Procedure 59, and review the district court's denial of that motion for abuse of discretion. *Lincoln v. Case*, 340 F.3d 283, 290 (5th Cir. 2003). Where a jury verdict is at issue, "there is no . . . abuse of discretion unless there is a complete absence of evidence to support the verdict." *Sam's Style Shop v. Cosmos Broad. Corp.*, 694 F.2d 998, 1006 (5th Cir. 1982). Here, the jury had ample evidence that Benson was not disabled. Dr. Jeremy Urbanczyk testified about the extent of Benson's injury, including that her foot had healed correctly and that she required no further treatment. Benson acknowledged that she was able to play basketball and work two jobs that required her to stand on her feet. And Benson admitted to fictionalizing details in the initial account of her foot injury, thus undermining the credibility of her testimony. From this evidence, the jury could reasonably conclude that she was not disabled. The district court did not abuse its discretion in denying the motion for a new trial.

We also consider the appeal of the district court's order denying her counsel's request to speak to jurors in order to learn the basis of the verdict and improve his trial advocacy. In *Haeberle v. Texas International Airlines*, 739 F.2d 1019, 1022 (5th Cir. 1984), we held that "[t]he first-amendment interests of both the disgruntled litigant and its counsel in interviewing jurors in order to satisfy their curiosity and improve their advocacy are limited. . . . [T]hose interests are not merely balanced but plainly outweighed by the jurors' interest in privacy and the public's interest in well-administered justice." Since Benson's First Amendment claim is squarely foreclosed by our precedent, we find that the district court committed no error in denying her attorney's request.

No. 17-40161

While we are bound by our court's rule of orderliness to follow *Haeberle*, we note that that opinion is not without its flaws. In particular, *Haeberle* suggests a distinction between the First Amendment rights of the press and those of the public at large. *Id.* at 1021–22. Such a division finds no support in either constitutional text or precedent. *See Branzburg v. Hayes*, 408 U.S. 665, 684 (1972) ("It has generally been held that the First Amendment does not guarantee the press a constitutional right of special access to information not available to the public generally."). *In re Express-News Corp.*, 695 F.2d 807, 809 (5th Cir. 1982), which *Haeberle* purports to apply, similarly recognized that the right to gather news does not "guarantee journalists access to sources of information not available to the public generally."

To be sure, we are mindful that the government may have an interest in regulating the speech of attorneys, given their unique role as officers of the court. *See, e.g.*, *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1074 (1991) ("[A lawyer is] an officer of the court, and, like the court itself, an instrument . . . of justice. . . . [T]he speech of lawyers representing clients in pending cases may be regulated under a less demanding standard than that established for regulation of the press[.]" (citations and internal quotation marks omitted)). But here, as in *Haeberle*, the district court articulated no such interest. In light of the First Amendment interests at stake here, which *Haeberle* did not appear to fully appreciate, district courts in the future would be wise to consider seriously whether there exists any genuine government interest in preventing attorneys from conversing with consenting jurors—and if so, whether that interest should be specifically articulated, in order to facilitate appellate review and fidelity to the Constitution.

3

No. 17-40161

Reviewing the facts and record before us under *Haeberle*, however, we conclude that the district court did not err in denying Benson's counsel's request to interview the jurors. The district court's judgment is AFFIRMED.

No. 17-40161

JAMES E. GRAVES, JR., Circuit Judge, concurring in part and concurring in the judgment:

I join the decision to affirm the district court's order denying Plaintiff Vanity Benson's motion for a new trial. I write separately because, while I agree with the conclusion that Benson should not prevail on the motion seeking access to the jurors, I do not reach that conclusion through adherence to *Haeberle v. Texas International Airlines*, 739 F.2d 1019 (5th Cir. 1984), a decision which, in my view, does not constrain us in these circumstances.

A few months after the trial in this case, Benson filed a motion seeking the district court's leave to allow her counsel to interview the jurors "for the purpose of improving future trials." Counsel attested that they were not seeking to discover information to impeach the jury's verdict, but rather to educate themselves and improve their trial advocacy. The motion was filed pursuant to Eastern District of Texas Local Rule 47(b), which provides, "After a verdict is rendered, an attorney must obtain leave of the judge before whom the action was tried to converse with members of the jury." The district court denied the motion in a one-sentence order.

In *Haeberle*, like here, the district court denied an attorney leave to interview jurors for purposes of educating counsel and improving advocacy techniques. 739 F.2d at 1021–22. The rule upon which the district court relied dealt with communications with jurors about deliberations and verdicts:

> [N]either the attorney nor any party to an action nor any other person shall himself or through any investigator or other person acting for him to interview, examine or question any juror, relative, friend or associate thereof either during the pendency of the trial or with respect to the deliberations or verdict of the jury in any action, except on leave of Court granted upon good cause shown.

*Id.* at 1020–21. Despite the narrow scope of this rule, this court upheld the district court's denial of leave, holding, broadly, "The first-amendment interests

5

of both the disgruntled litigant and its counsel in interviewing jurors in order to satisfy their curiosity and improve their advocacy are limited. We agree with the district court's implicit conclusion that those interests are not merely balanced but plainly outweighed by the jurors' interest in privacy and the public's interest in well-administered justice." *Id.*

*Haeberle* does not bind us here. The case is distinguishable on two grounds. First, the attorney's petition, though framed in terms of improving advocacy, actually sought to "determine on what basis [the verdict] was reached," the very subject the rule sought to guard against. *Id.* at 1020.[1] Second, and more importantly, Local Rule 47(b) is not as narrowly tailored as the rule at issue in *Haeberle*. Quite the contrary, Local Rule 47(b) is very likely impermissibly overbroad, as the rule, on its face, bars all speech on any subject in perpetuity between an attorney and any juror on a case previously tried by that attorney without first seeking leave of court. *Cf. Serafine v. Branaman*, 810 F.3d 354, 363 (5th Cir. 2016) (explaining that a statute is overbroad under the First Amendment "if 'a substantial number of its applications are unconstitutional'" (quoting *United States v. Stevens*, 559 U.S. 460, 473 (2010))). And it gives a district judge unfettered discretion to deny that leave for any reason or no reason at all,

---

[1] *Compare Haeberle*, 739 F.2d at 1020 (quoting the motion: "It was obvious that the jury's verdict was so contrary to plaintiffs [sic] and defendant's expectations as to the result, that some lesson for both counsel and plaintiffs could be learned from such an inquiry. . . . [Without] an opportunity to chat with jurors who were agreeable to do so, . . . Plaintiffs and their counsel [would be] left with no more than idle speculation as to the basis on which the result was reached."), *with* Plaintiff's Unopposed Motion for Leave to Interview Jurors Post-Trial 1–2, *Benson v. Tyson Foods, Inc.*, No. 14-0121 (E.D. Tex. Jan. 4, 2017), ECF No. 115 ("The interest is in what influenced the jurors the most to improve trial strategy. . . . The attorneys have the jury's verdict, but they need the whole story: how they felt initially, what helped, what didn't, and what changed their mind along the way. The attorneys need a broad view of the whole process, not just the result. Counsel will likely try similar cases and face similar challenges in the future. Getting the direct feedback and advice from the jurors themselves will help attorneys communicate better to factfinders and do better the next time.").

which too raises palpable First Amendment concerns. *Cf. City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 757 (1988) ("[T]he mere existence of the licensor's unfettered discretion, coupled with the power of prior restraint, intimidates parties into censoring their own speech, even if the discretion and power are never actually abused.").

This problem is not unique to the Eastern District of Texas. The Middle and Western Districts of Louisiana and the Northern District of Texas have all promulgated rules that are even more restrictive of speech than is Local Rule 47(b), barring in perpetuity communications on all subjects between attorneys and some ***nonjurors*** without prior leave. *See* M.D. La. L.R. 47(e)(1) ("No party or their attorney shall, personally or through another person, contact, interview, examine, or question any juror or alternate or any relative, friend or associate thereof, except on leave of court granted upon good cause shown."); W.D. La. L.R. 47.5(d) (same); N.D. Tex. L.R. 47.1 ("A party, attorney, or representative of a party or attorney, shall not, before or after trial, contact any juror, ***prospective juror***, or the relatives, friends, or associates of a juror ***or prospective juror***, unless explicitly permitted to do so by the presiding judge." (emphases added)).[2] On this ground, I agree that the district courts of this Circuit should take a hard look at these juror communication rules to avoid potentially running afoul of the

---

[2] Other districts' rules are more narrowly tailored, by preventing only communications regarding the jury's deliberations or verdict (like the rule in *Haeberle*), *see* S.D. Tex. L.R. 47 ("Except with leave of Court, no attorney, party, nor agent of either of them may communicate with a former juror to obtain evidence of misconduct in the jury's deliberations."); N.D. Miss. L.R. 48 ("After the jury has been discharged, neither the attorneys in the action nor the parties may at any time or in any manner communicate with any member of the jury regarding the verdict," except with leave of court); S.D. Miss. L.R. 48 (same), or regarding the proceedings in general, *see* E.D. La. L.R. 47.5(b) ("Attorneys and parties to an action, or anyone acting on their behalf, are prohibited from speaking with, examining or interviewing any juror regarding the proceedings, except with leave of court. If leave of court is granted, it shall be conducted only as specifically directed by the court."). The Western District of Texas has no rule on the subject.

First Amendment.

On the question of how to dispose of Benson's appeal of the denial of the juror communication motion, I find the Tenth Circuit's approach in *Clyma v. Sunoco, Inc.*, 594 F.3d 777 (10th Cir. 2010), to be instructive. There, an association of lawyers challenged Northern District of Oklahoma Rule 47.2, which is facially similar to Local Rule 47(b)—*see* N.D. Okla. L. R. 47.2 ("At no time, including after a case has been completed, may attorneys approach or speak to jurors regarding the case unless authorized by the Court, upon written motion.")—after a district court, in a minute entry with no explanation, denied leave. The association raised First Amendment concerns with the rule, but the Tenth Circuit felt "uncomfortable" deciding in the first instance "[w]hether the First Amendment requires the district court in this case to craft a narrowly tailored order utilizing the least restrictive means to protect the jury and the administration of justice, thereby allowing [the association] some form of access to the jurors." *Clyma*, 594 F.3d at 782–83. The court found that such a ruling was ultimately unnecessary to make, however, and decided that the district court's "failure to exercise meaningful discretion" in the application of the rule constituted an abuse of discretion. *Id.* at 783.

Like the Tenth Circuit, we also review a district court's application of its local rules for abuse of discretion. *United States v. Moreno*, 857 F.3d 723, 726 (5th Cir. 2017). A district court abuses its discretion where it "has acted arbitrarily or irrationally, . . . has failed to consider judicially recognized factors constraining its exercise of discretion, or when it has relied on erroneous factual or legal premises." *United States v. Welsh*, 879 F.3d 530, 536 (4th Cir. 2018) (citations and internal punctuation marks omitted). Following the guidance of *Clyma*, I would find that the district court here abused its discretion by summarily denying counsel's motion for leave under Local Rule

47(b). But that finding is not the end of the matter; a necessary prerequisite for reversal is a finding that the abuse of discretion "affected the ***complaining party's*** substantial rights." *United States v. Murra*, 879 F.3d 669, 678 (5th Cir. 2018) (emphasis added). This second step is fatal to Benson's argument: ***her*** rights would be unaffected by a decision that the district court abused its discretion in not giving her counsel sufficient justification for denying their request. Though she may have had a theoretical stake in her attorneys being afforded an opportunity to interview jurors to improve their trial advocacy skills in the event they represented her in a new trial, because we have affirmed the denial of her motion for a new trial, she certainly has no stake now.

It is on this alternate ground that I concur in the decision to affirm the district court's denial of the motion for leave to communicate with the jurors.