# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30932

United States Court of Appeals
Fifth Circuit

**FILED**
December 11, 2018

Lyle W. Cayce
Clerk

CLINTON MCGRAW,

      Plaintiff - Appellant Cross-Appellee

v.

UNITED TUGS, INCORPORATED,

      Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-394

Before STEWART, Chief Judge, KING and OWEN, Circuit Judges.

PER CURIAM:[*]

      Clinton McGraw, a Jones Act seaman, sued his former employer, United Tugs, Inc., for negligence and unseaworthiness after he injured his back while working aboard one of United's vessels. A jury found United liable for negligence and awarded McGraw $325,000 in compensatory damages. Both being unsatisfied with the jury's award, the parties cross-appeal. We AFFIRM.

      The parties specifically dispute the jury's award for lost wages and fringe benefits. The jury awarded McGraw $100,000 in future lost wages and fringe

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30932

benefits and $0 in past loss wages and fringe benefits. McGraw says both amounts are too low given the evidence presented at trial. United responds that, if anything, the $100,000 award for future lost wages and fringe benefits is too high.

Normally, "[i]n reviewing a jury award, we are actually, of course, reviewing the district court's denial of a motion for a new trial or remittitur." *Sam's Style Shop v. Cosmos Broad. Corp.*, 694 F.2d 998, 1006 (5th Cir. 1982). Therefore, when a party challenges the jury's award, this court reviews the district court's decision not to grant a new trial for abuse of discretion. *See id.* "Where a jury verdict is at issue, 'there is no . . . abuse of discretion unless there is a complete absence of evidence to support the verdict.'" *Benson v. Tyson Foods, Inc.*, 889 F.3d 233, 234 (5th Cir. 2018) (omission in original) (quoting *Sam's Style Shop*, 694 F.2d at 1006). But neither party moved for a new trial below, nor did United move for remittitur. We thus review the district court's failure to order a new trial for plain error. *See Bueno v. City of Donna*, 714 F.2d 484, 494 (5th Cir. 1983). Neither party meets this heavy burden.

First, there was at least some evidence to support the jury's conclusion that United's negligence did not cause McGraw any past wage or fringe-benefit loss. The jury could have concluded that McGraw was able to perform sedentary work following his injury but chose not to, thus failing to mitigate his damages. McGraw's surgeon testified that McGraw could perform a "medium level of work" and that there was "no period of bedrest" following McGraw's surgery. Further, the jury saw videos from a private investigator that depicted McGraw moving about without difficulty. The parties' stipulation that McGraw did not reach maximum medical improvement until June 30, 2017, does not change the calculus. It does not follow that, as McGraw appears to suggest, a patient is necessarily unable to perform sedentary work before reaching maximum medical improvement. *See McBride v. Estis Well Serv.,*

2

No. 17-30932

*L.L.C.*, 853 F.3d 777, 783 (5th Cir. 2017) (explaining that, in the Jones Act context, maximum medical improvement is reached when "it is probable that further treatment will result in no betterment in the claimant's condition" (quoting *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002))).

Second, there was also at least some evidence to support the jury's conclusion that McGraw lost only $100,000 in future lost wages and fringe benefits. This award was within the range of estimates given by the parties' expert witnesses. McGraw argues that the jury was precluded from looking to his salary from prior years in calculating his lost income stream, as United's expert urged it to do.[1] We disagree. The evidence at trial showed that McGraw held a checkered work history—he worked for more than a dozen different employers at various wages over the course of a decade before United hired him. Further, the jury had good reason to conclude that McGraw would have difficulty holding down consistent work even if he had not been injured: he had spent several months in jail, he had been terminated from multiple jobs, and he had lied about his criminal history on his employment application with United. Accordingly, the jury did not have to believe McGraw would earn $51,000 for the remainder of his career. *See In re Parker Drilling Offshore USA LLC*, 323 F. App'x 330, 335 (5th Cir. 2009) (per curiam) (unpublished) (holding that because of plaintiff's inconsistent work history, district court did not clearly err in calculating plaintiff's lost income stream by taking average of plaintiff's preceding years' salaries).[2]

---

[1] We note that McGraw does not challenge, as a legal matter, the defense expert's testimony under Federal Rule of Evidence 702. He instead argues that the jury erred, as a factual matter, by apparently relying upon that testimony.

[2] McGraw's citation to *Martinez v. Offshore Specialty Fabricators, Inc.*, 481 F. App'x 942 (5th Cir. 2012) (unpublished), is misplaced. In *Martinez*, we held that the district court did not clearly err in looking only to the plaintiff's earnings in the year prior to his injury. *Id.* at 949. But we did not hold that the district court was *required* to look only to the year prior

No. 17-30932

Third, we reject McGraw's argument that defense counsel's reference to the parties' maintenance and cure settlement improperly colored the jury's damages award for negligence. McGraw did not object to counsel's argument, so he must again show plain error. *See DeCorte v. Jordan*, 497 F.3d 433, 443 (5th Cir. 2007). "Improper argument warrants reversal when, 'taken as a whole in the context of the entire case, [it] prejudicially affect[ed] substantial rights of the [appellant].'" *Id.* (first and second alteration in original) (quoting *United States v. Hitt*, 473 F.3d 146, 161 (5th Cir. 2006)).

Viewing the record as a whole, it is unlikely that counsel's argument swayed the jury. Counsel's argument could not have prejudiced McGraw because the district court—with McGraw's permission—had previously told the jury about the maintenance and cure payments. Thus, if the jury was confused about the maintenance and cure payments, there is no reason to think that counsel's argument, as opposed to the parties' stipulation, caused that confusion. Moreover, the district court explained the exclusive factors the jury could consider in calculating negligence damages, informed the jury about the purpose of the maintenance and cure payments, and instructed the jury that McGraw's maintenance and cure claims were "separate and independent from both the Jones Act and the unseaworthiness claim." Therefore, the jury should have known that the maintenance and cure payments were not a proper consideration in calculating the negligence damages. *See Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 168 (5th Cir. 2016) ("Absent any showing to the contrary, we presume that the jury followed all instructions given . . . ."). Accordingly, McGraw cannot show plain error.

---

to the injury. *See id.* at 949-50. *Martinez* reaffirms that the proper methodology for calculating lost income stream is a fact question left to the factfinder's discretion. *See id.*

## No. 17-30932

Lastly, we deny United's cross-appeal. As explained above, the jury's award for future lost wages fell within the range the parties' experts provided. The jury was not bound to completely accept either expert's estimate. *See Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411 (5th Cir. 1989). United only halfheartedly argues otherwise. Therefore, United cannot show plain error.

For the foregoing reasons, we AFFIRM the district court's judgment.