# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2021

Lyle W. Cayce
Clerk

No. 19-30748
Summary Calendar

O'Neil Gilbert,

*Plaintiff—Appellee*,

*versus*

Shannon Lessard, *Major*; Jarod Verrett, *Lieutenant*;
Eric Lane, *Master Sergeant*,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-440

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:[*]

O'Neil Gilbert, Louisiana prisoner # 121293, filed a civil rights action under 42 U.S.C. § 1983 alleging that corrections officers applied excessive force to punish him for prison rule violations. A jury returned a verdict for

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Gilbert and assessed damages, including punitive damages, against three defendants. In connection with the incident, Gilbert had been convicted of prison rule violations, and his punishment included the forfeiture of good-time credits. But Gilbert did not seek restoration of the forfeited good-time credits in his complaint or at trial.

In an amended motion under Federal Rule of Civil Procedure 59 filed four months after the judgment, the defendants asserted for the first time that Gilbert's § 1983 action was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because it impugned the validity of prison disciplinary convictions that resulted in the loss of good-time credits and that had not been overturned in a habeas corpus or other proceeding. The district court denied the Rule 59 motion, finding that Gilbert did not directly or indirectly challenge the revocation of good-time credit, and further holding that, after hearing all of the relevant evidence, including evidence that Gilbert was uncooperative, the jury found that the defendants applied excessive force under the circumstances.

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks and citation omitted). We therefore review the district court's denial of the Rule 59 motion only for abuse of discretion. *See Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019); *Benson v. Tyson Foods, Inc.*, 889 F.3d 233, 234 (5th Cir. 2018) (addressing a motion for a new trial under Rule 59). "Under this standard, the district court's decision and decision-making process need only be reasonable." *Midland W. Corp. v. F.D.I.C.,* 911 F.2d 1141, 1145 (5th Cir. 1990). We review the district court's factual findings only

for clear error. *Union Mechling Corp. v. Carmadelle*, 624 F.2d 677, 679 (5th Cir. 1980).

We need not decide whether the defendants raised the *Heck* defense "at a pragmatically sufficient time" to avoid Gilbert's potential prejudice. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (internal quotation marks and citation omitted). Rather, we hold that the entire record—including the complaint, the evidence, the arguments, the jury instructions, and the verdict itself—soundly refutes the defendants' strained contention that Gilbert's action was based on an assertion of absolute innocence of all wrongdoing. The defendants thus fail to show that the district court's factual findings were clearly erroneous or that its ruling was unreasonable or an abuse of discretion. *See Schiller*, 342 F.3d at 567; *Trevino*, 944 F.3d at 570; *Midland W. Corp.*, 911 F.2d at 1145. *Heck* did not bar the action because Gilbert's "success in the action *would not necessarily*"—and indeed did not—imply the unlawfulness of his forfeiture of good-time credits. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005); *see Muhammad v. Close*, 540 U.S. 749, 754-55 (2004).

The judgment is AFFIRMED.