# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 20, 2022

Lyle W. Cayce
Clerk

No. 21-50717

Estate of Chuck Pruitt,

*Plaintiff—Appellee*,

*versus*

Asphalt Zipper, Incorporated,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-324

Before Clement, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Chuck Pruitt was severely injured when a piece of construction equipment designed and manufactured by Asphalt Zipper fell on his leg. So, he sued Asphalt Zipper. Prior to trial, Asphalt Zipper designated the Falls County Road and Bridge Department as a responsible third party pursuant to Texas' proportionate responsibility statute. Mr. Pruitt did not timely object

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50717

to Asphalt Zipper's designation of the Falls County Department as an RTP, but after the first day of trial, he objected to its submission to the jury. After hearing arguments from both parties at the charge conference, the district court granted Mr. Pruitt's motion and excluded the Falls County Road and Bridge Department from the jury instructions.

The jury returned a verdict for Mr. Pruitt. The district court entered judgment on the verdict and denied Asphalt Zipper's post-trial motions for judgment as a matter of law and for a new trial. Asphalt Zipper timely appealed. We AFFIRM.

I.

In this personal injury suit, a component water supply system manufactured by Asphalt Zipper fell on Chuck Pruitt's leg, causing him significant injuries. At the time of his injury, Mr. Pruitt was employed by, and on the job for, the Falls County Road and Bridge Department (Falls County Department)—a division of Falls County, Texas.

Shortly after the accident, Mr. Pruitt sued Asphalt Zipper in federal district court, alleging design defect, marketing defect, and negligence claims. More than sixty days prior to trial, Asphalt Zipper filed a motion for leave to designate the Falls County Department as a responsible third party (RTP). Mr. Pruitt did not oppose the motion or object to it within fifteen days based on an agreement with Asphalt Zipper that, in the event he decided to later challenge the RTP designation by way of a motion for summary judgment, Asphalt Zipper would not raise the scheduling order deadline as a procedural defense.

Prior to trial, Mr. Pruitt filed a motion for leave to strike Asphalt Zipper's designation of the Falls County Department as an RTP. Mr. Pruitt moved to strike on the ground that Asphalt Zipper "wholly failed to provide sufficient evidence [that] Falls County [Department] in any way caused or

2

contributed to the cause of the subject incident." The court did not rule on the motion but instead carried the issue over to trial and allowed Asphalt Zipper to present evidence in support of the designation.

The case proceeded to a three-day jury trial. Following the first day of trial, Mr. Pruitt filed an objection to the submission of the Falls County Department as an RTP. In it, Mr. Pruitt made four arguments against Asphalt Zipper's RTP designation. First, he argued that the Falls County Department was not a proper RTP because it is not a designable entity under the applicable statute. Second, he argued that Asphalt Zipper designated the Falls County Department too late.

His third and fourth arguments are related. In general, he maintained that even to the extent that the Falls County Department is a designable entity, it could not be submitted as an RTP because Asphalt Zipper did not show that it breached any legal duty owed to Mr. Pruitt. Thus, Mr. Pruitt argued that there is no legal theory under which the Falls County Department could be held responsible for any of Mr. Pruitt's injuries.

At the charge conference, the district court addressed Mr. Pruitt's objections and heard argument from both sides. The district court was concerned principally with determining whether Asphalt Zipper had made a proper RTP designation and whether there was evidence supporting its submission to the jury.

Asphalt Zipper at first seemed to agree with Mr. Pruitt that the Falls County Department was the incorrect entity to designate. It then backtracked, however, claiming that either the Falls County Department *or* Falls County would be a proper RTP designation. Asphalt Zipper concluded by re-urging its position that the Falls County Department is a designable entity, explaining that it sent subpoenas to the Falls County Department, which received them, responded with signatures, and never objected.

After permitting Mr. Pruitt to re-urge the arguments in support of his objections, the district court determined that it would not submit the Falls County Department as an RTP in the jury charge. It did not explicitly state the basis for its decision. But it appears that the district court was left with the impression that *Asphalt Zipper* wasn't even sure who the correct entity was.

The claims that the district court submitted in the jury charge were Mr. Pruitt's claims for design defect, marketing defect, and negligence in warning/instructing. The jury returned a $4,054,500 verdict for Mr. Pruitt, finding that there were defects in both the equipment's design and warnings/instructions when it left Asphalt Zipper's possession. The district court entered final judgment on the verdict and denied Asphalt Zipper's motions for judgment as a matter of law and for a new trial. Asphalt Zipper timely appealed the district court's order entering judgment on the verdict, as well as the district court's order denying its motions for judgment as a matter of law and for a new trial.

## II.

## A.

"We 'review challenges to jury instructions for abuse of discretion and afford the trial court great latitude in the framing and structure of jury instructions.'" *Matter of 3 Star Props., L.L.C.*, 6 F.4th 595, 609 (5th Cir. 2021) (quoting *Young v. Bd. of Supervisors*, 927 F.3d 898, 904 (5th Cir. 2019)). "[T]he party challenging the instruction must demonstrate that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Id.* at 610.

## B.

"[T]his court reviews *de novo* a district court's denial of a motion for judgment as a matter of law, applying the same standard as the district court." *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1039 (5th Cir. 2011). "[W]hen a case is tried by a jury, a Rule 50[] motion is a challenge to the legal sufficiency of the evidence." *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008) (citing *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 296 (5th Cir. 2005)). "In resolving such challenges, we draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmoving party." *Id.*

"Our review of jury verdicts 'is especially deferential.'" *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (quoting *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 498–99 (5th Cir. 2012)). "[J]udgment as a matter of law should not be granted unless the facts and inferences point 'so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion.'" *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir. 2001) (quoting *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1322 (5th Cir. 1994)). "[T]he court may not make credibility determinations or weigh the evidence, as those are jury functions." *Brennan's Inc. v. Dickie Brennan & Co. Inc.*, 376 F.3d 356, 362 (5th Cir. 2004).

## C.

"A new trial may be granted if the trial court finds that 'the verdict is against the weight of evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed[.]'" *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991) (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)). The court should not grant a motion for a new trial "unless the verdict is against the *great* weight, not merely the preponderance, of the evidence." *Id.* (emphasis added).

No. 21-50717

We review the denial of a motion for a new trial for abuse of discretion. *Lincoln v. Case*, 340 F.3d 283, 290 (5th Cir. 2003). "Where a jury verdict is at issue, 'there is no . . . abuse of discretion unless there is a complete absence of evidence to support the verdict.'" *Benson v. Tyson Foods, Inc.*, 889 F.3d 233, 234 (5th Cir. 2018) (per curiam) (quoting *Sam's Style Shop v. Cosmos Broad. Corp.*, 694 F.2d 998, 1006 (5th Cir. 1982)).

III.

The primary question on appeal is whether the district court reversibly erred by not submitting the Falls County Department as an RTP in its jury instructions. The parties frame that question as comprising four main sub-issues. First, whether the Falls County Department is a designable entity. Second, whether Asphalt Zipper timely designated the Falls County Department as an RTP. Third, whether Mr. Pruitt waived any objections to the Falls County Department's RTP designation by failing to timely object. And fourth, whether Asphalt Zipper presented sufficient evidence to support the Falls County Department's submission in the jury charge. We need not resolve the first three issues because Asphalt Zipper did not present sufficient evidence to support the submission of the Falls County Department as an RTP. Thus, the district court did not reversibly err by excluding it.

The secondary question on appeal is whether the district court reversibly erred by denying Asphalt Zipper's post-trial motions for judgment as a matter of law and for a new trial. We conclude that it did not.

A.

Texas' proportionate responsibility statute applies to most tort cases brought under Texas law and obligates the trier of fact to assign a percentage of responsibility to each claimant, defendant, settling person, and RTP with respect to each cause of action alleged. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 33.002(a), 33.003(a)(1)–(4). In general, and as relevant

6

No. 21-50717

here, the trier of fact must submit a properly designated RTP to the jury unless there is insufficient evidence supporting the designated party's responsibility in causing or contributing to cause the injuries alleged. *See id.* §§ 33.003(b), 33.004(f)–(l); *In re Transit Mix Concrete & Materials Co.*, No. 12-13-00364-CV, 2014 WL 1922724, at *3 (Tex. App.—Tyler May 14, 2014, no pet.) (mem. op.) ("A trial court may not submit a question to the jury regarding the conduct of 'any person' without sufficient evidence to support the submission." (citation omitted)).

Here, the district court did not abuse its discretion by excluding the Falls County Department from the jury charge because there was insufficient evidence concerning the Falls County Department's alleged responsibility in causing or contributing to cause Mr. Pruitt's injuries.

Section 33.003(a) specifies how third-party responsibility arises: "by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." *See also In re Transit*, 2014 WL 1922724, at *3–4; *De Leon v. Flavor & Fragrance Specialties, Inc.*, No. 6:12-CV-327, 2014 WL 12601029, at *2 (E.D. Tex. Sept. 15, 2014). It was therefore incumbent upon Asphalt Zipper to present sufficient evidence establishing that the Falls County Department committed a "negligent act or omission," was responsible for a "defective or unreasonably dangerous product," or engaged in conduct that "violate[d] an applicable legal standard." This, Asphalt Zipper did not do.

Asphalt Zipper points to five general categories of evidence that it claims supported the submission of the Falls County Department:

(1)  Evidence the [accused equipment] was in Falls County Department's possession and control, and that the Department took control of [equipment] that was not defectively manufactured;

7

(2) Evidence that the [accused equipment] was in an obviously damaged condition with non-vertical legs at the time of the accident while under Falls County Department's possession and control and stored on its premises;

(3) Evidence that the Falls County Department should have repaired the damaged [equipment], and repairing it would have avoided the accident that injured Pruitt;

(4) Evidence of force being applied to [the accused equipment's] leg mounting brackets which elongated holes in brackets and caused legs to not be vertical and system to be unstable; and

(5) Evidence that this application of force on the [accused equipment] constituted misuse by Falls County Department.

For each of these categories, Asphalt Zipper cites witness testimony generally purporting to show that the accused equipment left Asphalt Zipper's possession in undamaged condition; was at all times within the Falls County Department's possession and control; *could* have been improperly stored; and showed obvious signs of damage, which *could* have been caused by an external force improperly applied or by someone dragging it with the jack legs attached.[1]

But Mr. Pruitt cites other—and arguably more compelling—evidence showing that the equipment had not been altered in any way since its delivery; was at all times operated in a manner consistent with its intended use; was never dragged on the ground; and exhibited signs of damage consistent only with a design defect or use according to Asphalt Zipper's instructions. Moreover, he cites witness testimony establishing that the Falls

---

[1] For more information on the equipment's design, see subsection III(B), *infra*.

County Department was never warned of the potential harm that could result from damage to the equipment's jack legs.

Asphalt Zipper's evidence, *at best*, breaks even with Mr. Pruitt's evidence, which is insufficient to establish reversible error. *In re Transit*, 2014 WL 1922724, at *3 ("A party has produced sufficient evidence to support submission of a question to the jury when it provides more than a scintilla of evidence. . . . [E]vidence of circumstances equally consistent with two facts does not rise above a scintilla of proof of either fact, and is thus no evidence of either." (internal citations omitted)). And at worst, it amounts to mere speculation or conjecture. In any event, we are reviewing for *abuse of discretion*; the evidence does not create the impression that the district court's exclusion of the Falls County Department from the jury charge affected the outcome of the case or improperly guided the jury's deliberations. *See Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 352 (5th Cir. 2010).

## B.

Asphalt Zipper also challenges the district court's denial of its post-trial motions for judgment as a matter of law and for a new trial. It argues that the evidence was legally insufficient to support the jury's liability and damages findings. We disagree.

To prevail on a design defect claim, a plaintiff must establish the following elements: "(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). The record is replete with evidence supporting each element.

For example, Mr. Pruitt's expert witness testified that there was no evidence that Asphalt Zipper adequately tested the equipment before selling

it, nor was there evidence that it ever conducted a stress analysis, hazard analysis, or center of gravity analysis. He also testified about defects in the equipment's storage system. The equipment is designed to be stored in an upright position on three jack legs, which connect to a mount via circular pins. Mr. Pruitt's expert explained that, due to clearance between the circular pins and the hole they are designed to fit through, the pins have a tendency to abrade the hole and allow the jack legs to rotate, making the whole system unstable. With a mere four inches of forward lean, the system falls over.

Mr. Pruitt also presented witnesses to testify as to the availability of a safer alternative design for the equipment. One of those witnesses testified that Asphalt Zipper could have adjusted the equipment's center of gravity, as well as used square pins instead of circular pins. And, he testified, had Asphalt Zipper used square pins, there would have been virtually no way for the system to sway. Doing so would have been economically feasible, yet Asphalt Zipper did not consider any alternative designs for the pins.

Finally, Mr. Pruitt presented testimony from an accident reconstruction expert establishing that the accident occurred due to "play" in the equipment system's front jacks.

Drawing all reasonable inferences and resolving all credibility determinations in Mr. Pruitt's favor, sufficient evidence exists to support the jury's design defect finding. At best, Asphalt Zipper's evidence presents an alternative explanation for what caused Mr. Pruitt's injuries that the jury was free to accept or reject. But it certainly does not preponderate so heavily in Asphalt Zipper's favor that no reasonable jury could find for Mr. Pruitt.

No. 21-50717

Accordingly, the district court did not err by denying Asphalt Zipper's motion for judgment as a matter of law on Mr. Pruitt's design defect claim.[2]

For substantially the same reasons as outlined above, there was not "a complete absence of evidence to support the verdict"; thus, the district court did not abuse its discretion by denying Asphalt Zipper's motion for a new trial. *Benson*, 889 F.3d at 234 (quoting *Sam's Style Shop*, 694 F.2d at 1006).

## IV.

In sum, the district court did not err by excluding the Falls County Department from the jury charge. Nor did it err by denying Asphalt Zipper's post-trial motions for judgment as a matter of law and for a new trial.

The judgment is AFFIRMED.

---

[2] Because the jury's design defect finding supports its damages verdict, we do not reach the marketing defect claim.