# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2010

No. 09-20713
Summary Calendar

Lyle W. Cayce
Clerk

ICHIE CHIBUZO ONWUCHEKWE, An Individual; CHARLES C. CHIKEZIE, An Individual; MIKE ANUNIKE, An Individual; PETER NWAOGU, An Individual; LINUS M. UDORJI, An Individual; WORLD IGBO CONGRESS, Formerly a Texas Corporation; WORLD IGBO CONGRESS FOUNDATION, Formerly a Texas Corporation,

Plaintiffs–Appellants

v.

J. O. S. OKEKE, An Individual; JEFF U. OHANAJA, An Individual; LUCIUS AKUCHIE, An Individual; FESTUS C. OKERE, An Individual; JOE N. ETO, An Individual; TOBIAS OGU, An Individual; HUMPHREY UBA, An Individual; CHIDI ONYENEKWU, An Individual; ANTHONY EJIOFOR, An Individual; EMMANUEL MEKOWULU, An Individual; AUGUSTINE UZODIKE, An Individual; WORLD IGBO CONGRESS, INC., A Texas Corporation; WORLD IGBO CONGRESS FOUNDATION, INC., A Texas Corporation; DOES 1 THROUGH 50, Inclusive; LOUIS OKONKWO, An Individual; GRACE C. CLARK, An Individual; CHRIS EMEKA UKACHUKWU, An Individual;

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 09-CV-1169

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

No. 09-20713

PER CURIAM:[*]

This appeal arises from a trademark infringement action concerning the trade names "World Igbo Congress" and "World Igbo Congress Foundation." Following the district court's grant of Appellees' motion to dismiss, Appellant filed a motion to vacate under Federal Rule of Civil Procedure 60(b) based *inter alia*, on fraud on the part of Appellees' counsel and excusable neglect on the part of their own attorney. In a two-sentence opinion, the district court denied the 60(b) motion. We AFFIRM.

As to the fraud allegation under Rule 60(b)(3), Appellants argue that Appellees' attorney, Mr. Okorafor, committed perjury by signing a certificate of service stating that he electronically sent the accompanying motion to dismiss to opposing counsel. The alleged falsehood is that Mr. Okorafor did not send the document himself, but instead relied on the court's electronic filing system.

Alternatively, Appellants seek relief under Rule 60(b)(1) on the grounds of mistake. They maintain that the court's email did not reach their counsel "because there were issues which related to their counsel computer set up of emails receipt." Appellants argue that these issues, which appear to have affected only the motion to dismiss and no other pleadings filed through the court's system, constitute "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).

On appeal, "we recognize that the decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20713

983, 995 (5th Cir. 1996).  Nothing in the present case suggests that the district court abused its discretion in denying Appellants' motion under Rule 60(b).  Mr. Okorafor's reliance on the court's electronic filing system is an acceptable form of service under the local rules.  S.D. TEX. R. 5.1 ("The notice of electronic filing that is automatically generated by the Court's electronic filing system constitutes service of the document on those registered as filing users of the system.").  Moreover, the district court did not abuse its discretion in doubting that Appellants' counsel never received such an email.  Appellants had no difficulty receiving any other communications sent via the court's system.  Even if the district court credited the claim that email settings deflected the notice away from counsel's inbox, it was not an abuse of discretion to conclude that sending court communications to the spam folder is inexcusable neglect.  On these facts, we cannot find an abuse of discretion.

Appellants also complain about comments made by the district court following its dismissal order.  They argue that, although the court did not state its reasons at the time of dismissal, it revealed inappropriate justifications during a telephone conference on August 20, 2009.  This argument might be appropriate in an appeal from the order dismissing the case.  Appellants, however, failed to file a timely notice of appeal from that order.  The district court dismissed Appellants' lawsuit for lack of standing on July 31, 2009.  From that date, Appellants had 30 days in which to file a notice of appeal.  FED. R. APP. P. 4(a)(1).  They did no such thing.  This Court therefore declines to consider arguments relating to the merits of the district court's order dismissing the case.

**AFFIRMED.**