# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10414
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2019

Lyle W. Cayce
Clerk

ROBBY JOE TREVINO, Individually, and as Personal Representatives of the
Estate of Alisha Trevino, as next friend of A. N., a minor; LAURIE DALE
REED, Individually, and as Personal Representatives of the Estate of Alisha
Trevino, as next friend of A. N., a minor,

Plaintiffs–Appellants,

v.

CITY OF FORT WORTH; FORT WORTH POLICE DEPARTMENT,

Defendants–Appellees.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-227

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:*

This case arises out of the death of Alisha Trevino, who died from a self-administered overdose of illegal drugs while in police custody. Following Trevino's death, members of her family (Plaintiffs) filed suit against the City

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10414

of Fort Worth (the City) under 42 U.S.C. § 1983. The district court granted the City's motion to dismiss and then denied Plaintiffs' motion for a new trial. Plaintiffs now appeal, challenging the district court's order on the motion for a new trial as well as the district court's final judgment. We affirm.

**I**

On April 15, 2015, Fort Worth police officers stopped Alfredo Cortez and his girlfriend Alisha Trevino for an inoperable brake light after receiving a tip that the couple was carrying drugs. During the stop, Trevino surreptitiously ingested two baggies of methamphetamine that she had hidden in her pants before the officers arrived. She died later that night. Approximately two years after Trevino's death, Plaintiffs filed suit against the City and the officers involved in Trevino's arrest. The officers filed motions to dismiss, which the district court subsequently granted. The district court then granted a stay while the Plaintiffs appealed the dismissals. This court issued an opinion affirming the district court's judgment on December 19, 2018.

On January 8, 2019, the City filed a Rule 12(b)(6) motion to dismiss. Plaintiffs did not respond. According to Plaintiffs, they failed to respond to the City's motion to dismiss because of a series of "break downs" in their system of receiving notice of court filings, including: (1) the case had been stayed, so it was not on their radar of active cases; (2) counsel mistakenly failed to register with the court's Case Management/Electronic Case Files system; and (3) defective antivirus software diverted court emails to a spam folder. Nonetheless, Plaintiffs concede that the failure to file was within Plaintiffs' counsel's "reasonable control."

The district court granted the City's unopposed motion to dismiss on February 4, 2019. Twenty-seven days later, Plaintiffs filed a motion for a new trial under Rule 59(e) and Rule 60(b). The district court denied Plaintiffs' motion, concluding that Plaintiffs had not shown they were entitled to relief

## No. 19-10414

under either rule.  Plaintiffs now appeal, challenging the district court's order on the motion for a new trial and the district court's final judgment on the motion to dismiss.

## II

In its order denying Plaintiffs' motion for a new trial, the district court concluded that Plaintiffs had not shown that they were entitled to relief under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  We consider each.

## A

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact.[1]  It is not the "proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[2]  Accordingly, this court reviews "the denial of a Rule 59(e) motion only for abuse of discretion."[3]

In this case, Plaintiffs allege that they are entitled to Rule 59(e) relief because of a manifest error of law or fact.  Plaintiffs concede that Plaintiffs' counsel failed to register with the court's electronic filing system, in violation of local rules.  They also concede that the failure to file was within Plaintiffs' counsel's "reasonable control."  Despite these concessions, Plaintiffs contend that the series of break downs that led to Plaintiffs failure to file a response constitute a manifest error of law or fact that entitles them to Rule 59(e) relief.

---

[1] *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

[2] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[3] *Simon*, 891 F.2d at 1159 (citing *Batterton v. Tex. Gen. Land Office*, 783 F.2d 1220, 1225 (5th Cir. 1986)).

No. 19-10414

Failure to file a response to a motion to dismiss is not a manifest error of law or fact.[4] Nor is it a manifest error to deny relief when failure to file was within Plaintiffs' counsel's "reasonable control." Plaintiff's counsel admittedly violated the local rules. The district court did not err in denying Rule 59(e) relief.

## B

Rule 60(b)(1) allows for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect."[5] The Supreme Court has explained that the determination of what sorts of neglect will be considered excusable is "an equitable one, taking account of all relevant circumstances surrounding the party's omission."[6] However, the inquiry is not wholly open-ended.[7] A party has a "duty of diligence to inquire about the status of a case."[8] Therefore, "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief."[9] "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."[10]

In this case, Plaintiffs allege that excusable neglect under Rule 60(b)(1) occurred. Specifically, Plaintiffs allege that (1) the case had been stayed, so it was not on their list of active cases; (2) counsel mistakenly failed to register with the court's Case Management/Electronic Case Files system; and 3)

---

[4] *See Templet*, 367 F.3d at 478-479 (concluding that the district court did not err in denying Rule 59(e) relief when plaintiffs failed to file a response to defendants' motion for summary judgment).

[5] FED. R. CIV. P. 60(b)(1).

[6] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[7] *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985).

[8] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

[9] *Id.* (citing *Pryor*, 507 U.S. at 287).

[10] *Id.* (citing *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991)).

defective antivirus software diverted court emails to a spam folder. Rule 60(b)(1) relief is not merited.

Plaintiffs had a duty of diligence to inquire about the status of their case. The fact that the case was not on Plaintiffs' counsel's "radar for active cases" does not free Plaintiffs of this duty. The City did not file its motion to dismiss until several weeks after the stay ended. Nearly a month passed before the district court granted the City's motion to dismiss. Given these circumstances, the district court reasonably concluded that Plaintiffs' failure to inquire about the status of the appeal and the status of the case following the termination of the stay does not justify granting Rule 60(b) relief.

In addition, counsel's carelessness with or misapprehension of the law or local rules does not justify relief. Here the City relied on the court's electronic filing system to serve its motion to dismiss. This is an acceptable form of service under both the local rules and the Federal Rules of Civil Procedure.[11] However, Plaintiffs' counsel failed to register for the court's electronic filing system within fourteen days of entering an appearance, in violation of the local rules.[12] In fact, counsel had still not registered on the date the district court denied Plaintiffs' motion for new trial. The district court reasonably determined such behavior does not constitute excusable neglect.

Finally, this court has already addressed the denial of a Rule 60(b) motion when court communications were mistakenly identified as spam.[13] In *Onwuchekwe*, an unpublished Fifth Circuit opinion, we held that the district court did not abuse its discretion in concluding that "sending court communications to the spam folder" does not constitute excusable neglect

---

[11] *See* N.D. TEX. CIV. R. 5.1(e)-(f); FED. R. CIV. P. 5(d)(1).

[12] *See* N.D. TEX. CIV. R. 5.1(f).

[13] *See Onwuchekwe v. Okeke*, 404 F. App'x 911 (5th Cir. 2010) (per curiam).

No. 19-10414

under Rule 60(b).[14]    Although the communications in *Onwuchekwe* were deflected because of faulty email settings—rather than the defective antivirus software allegedly at fault in this case—the same reasoning applies here.[15] Emails mistakenly going to a spam folder do not merit Rule 60(b) relief.  The district court's conclusions were reasonable.

\*     \*     \*

For these reasons, we AFFIRM the district court's judgment.

---

[14] *Id.* at 911-12.
[15] *Id.*