# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2020

Lyle W. Cayce
Clerk

No. 20-60358
Summary Calendar

IN THE MATTER OF: WINSTON JAMES THOMPSON, III, *doing business as* THOMPSON & ASSOCIATES,

*Debtor*,

WINSTON JAMES THOMPSON, III, *doing business as* THOMPSON & ASSOCIATES,

*Appellant*,

*versus*

ANITA WHITE; BANKPLUS,

*Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-179

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60358

Appellant Winston James Thompson, III, d/b/a Thompson & Associates appeals the district court's denial of his Rule 60(b)(1) motion following the district court's dismissal of his bankruptcy appeal. We AFFIRM.

## I.

In 2010, Thompson filed a Chapter 7 bankruptcy petition. Thompson, however, failed to list Appellee Anita White or her state-court claim against him on his bankruptcy schedules, even though, in 2009, White had obtained a clerk's entry of default for her claim against him. Later in 2010, the bankruptcy court granted Thompson a discharge of all his pre-petition debts and closed the case. In 2012, White obtained a default judgment against Thompson for her state-court claim, and in 2018, Thompson filed a motion to reopen his closed bankruptcy case, which the bankruptcy court denied. Thompson, proceeding pro se, appealed the bankruptcy court's decision to the district court.

When the record on appeal had been filed on the district court's docket and notice of that fact had been given to Thompson, his brief was due within thirty days. FED. R. BANKR. P. 8018(a)(1). Thompson failed to file his brief. The district court then entered a show-cause order requiring Thompson to respond on or before October 4, 2019, explaining why the appeal should not be dismissed for want of prosecution. Thompson did not respond, and on October 10, 2019, the appeal was dismissed without prejudice for failure to prosecute. Following the dismissal, Thompson obtained counsel who filed a Rule 60(b)(1) motion. The district court denied the Rule 60(b)(1) motion on the basis of Thompson's "gross carelessness" in failing to check the status of his case. Thompson filed a timely notice of appeal.

No. 20-60358

## II.

We review a district court's denial of a Rule 60(b)(1) motion for abuse of discretion. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

On appeal, Thompson argues that he did not receive the mailed notices to file his brief or respond to the show-cause order because, "due to a staffing change," one of the many post-office boxes he maintains "was not being checked." Thompson characterizes this failure to check his post-office box (and the status of his case) as one of "mistake, inadvertence, and/or excusable neglect." We disagree.

Federal Rule of Civil Procedure 60(b)(1) permits a district court to relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect." As the district court explained, however, "[g]ross carelessness" is an "insufficient bas[i]s for Rule 60(b)(1) relief." Additionally, as we have previously held, "a party has a duty of diligence to inquire about the status of [his] case." *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (internal quotations and citation omitted). We agree with the district court that "[t]his is a case of gross carelessness; Thompson has not shown *excusable* neglect." He failed to ensure that someone was checking the post-office box he provided, and he failed to check the status of his case. Indeed, Thompson learned that his appeal had been dismissed only when his attorney in the underlying bankruptcy proceeding advised him as such. And by then, seven months had passed from when Thompson first filed the appeal.

Finally, Thompson argues that the seven factors articulated in *Edward H. Bohlin Co. v. Banning Co.* for considering a Rule 60(b) motion weigh in his favor. We disagree. As the district court observed, even after a consideration of those factors, Thompson is not entitled to relief. Indeed, we specifically

stated in *Edward H. Bohlin Co.* that "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." 6 F.3d at 357. And as discussed above, Thompson's case is one of "gross carelessness."

As the district court noted, Thompson has had a series of shortcomings that began over ten years ago when he failed to answer White's state-court complaint. The bankruptcy court order appealed from in this case rejected Thompson's attempt to reopen a bankruptcy case that closed in 2010. And the bankruptcy case closed *after* White obtained a default in 2009 that Thompson failed to disclose in the first place. We agree with the district court that "[t]his is an old dispute, and there is a need for finality."

### III.

The judgment of the district court is AFFIRMED.