# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2022

Lyle W. Cayce
Clerk

No. 21-10732
Summary Calendar

Keith Druzzel Kennebrew,

*Plaintiff—Appellant*,

*versus*

Amarillo Parole Office; Charles Shipman; Anthony Ramirez,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-39

---

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Keith Druzzel Kennebrew, Texas state prisoner # 330114 and proceeding *pro se*, appeals: the dismissal with prejudice of his complaint under 42 U.S.C. § 1983 as frivolous; and the denial of his Federal Rule of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10732

Civil Procedure 59(e) motion for reconsideration. In his § 1983 complaint, Kennebrew claimed that his due-process and equal-protection rights were violated because defendants did not properly apply the Texas parole statutes to allow him to use earned good-time credits to seek early release.

Kennebrew's complaint was dismissed as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), and 42 U.S.C. § 1997e(c)(1). Our court need not determine whether the appropriate standard of review of that dismissal is *de novo* or abuse of discretion because each standard produces the same result. *E.g.*, *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012) (noting court may decline to resolve standard of review when appeal fails under both standards); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Regarding Kennebrew's due-process claims, our court has held that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995). Accordingly, even if Kennebrew is eligible for parole, he has no right or constitutional expectancy to early release on parole "because parole is within the total and unfettered discretion of the State [of Texas]". *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007).

As for his conclusory equal-protection claim, Kennebrew has not presented any facts demonstrating that defendants "intentionally discriminated against him because of membership in a protected class" or that he was "intentionally treated differently from others similarly situated and that there [wa]s no rational basis for the difference in treatment". *Gibson v. Tex. Dep't of Ins.—Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (citation omitted).

Denial of a Rule 59(e) motion is reviewed for abuse of discretion. *E.g.*, *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019). Kennebrew

does not contend the court should have granted his motion for reconsideration based upon "an intervening change in the controlling law" or that he presented "newly discovered evidence that was previously unavailable". *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). Moreover, he does not demonstrate dismissal was based upon "a manifest error of law or fact". *Id.*

The district court's dismissal of Kennebrew's complaint as frivolous counts as a strike under 28 U.S.C. § 1915(g). *Coleman v. Tollefson*, 575 U.S. 532, 537–40 (2015). Kennebrew is WARNED that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.