# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2022

Lyle W. Cayce
Clerk

No. 22-40246
Summary Calendar

Sabrina Marie Wadhams,

*Plaintiff—Appellant*,

*versus*

American Federation of Teachers; Corpus Christi
American Federation of Teachers; Corpus Christi
Independent School District; Texas American
Federation of Teachers,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CV-260

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Sabrina Wadhams appeals three decisions by the district court, which dismissed her case for lack of subject matter jurisdiction, denied her relief

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

under Rule 60(b), and denied her leave to amend under Rule 15(a)(2). We AFFIRM.

Plaintiff-Appellant Sabrina Wadhams, a teacher once employed by the Corpus Christi Independent School District ("CCISD"), brought tort and contract claims against the American Federation of Teachers ("AFT"), a union representing teachers across the country, in the U.S. District Court for the District of Massachusetts. The Massachusetts district court transferred the case to the U.S. District Court for the Southern District of Texas (henceforth, the "district court"). Wadhams subsequently amended her complaint to include Texas state law claims and added CCISD and the state and local AFT chapters (collectively, "Defendants-Appellees") as defendants. The district court then *sua sponte* issued a show cause order concerning its subject matter jurisdiction. It questioned whether diversity jurisdiction—the only basis under which Wadhams had asserted the court's jurisdiction—was present in this case given that AFT is an unincorporated association with members in Massachusetts, where Wadhams resides. Following the parties' responses to that order, the district court dismissed the case for lack of subject matter jurisdiction. Wadhams then moved for relief from dismissal under Rule 60(b)(1) of the Federal Rules of Civil Procedure ("FRCP") and for leave to amend under FRCP Rule 15(a)(2) to add claims arising under federal labor statutes. The district court denied both motions. Wadhams, now proceeding *pro se*, appeals these denials and the dismissal for lack of subject matter jurisdiction.

We review the district court's dismissal for lack of subject matter jurisdiction *de novo*. *Ordonez Orosco v. Napolitano*, 598 F.3d 222, 225 (5th Cir. 2010). Federal courts' diversity jurisdiction requires "complete diversity," meaning that all persons on one side of the suit (Plaintiff-Appellant) must be citizens of different states than all persons on the opposing side (Defendants-Appellees). 28 U.S.C. § 1332; *see Harvey v. Grey Wolf Drilling Co.*, 542 F.3d

1077, 1079 (5th Cir. 2008). Unincorporated associations, such as labor unions, share citizenship with each of their members for diversity purposes. *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1067 n.17 (5th Cir. 1980).

Here, AFT is an unincorporated association with some members who are citizens of Massachusetts. Wadhams is a Massachusetts citizen. For purposes of diversity jurisdiction, both Wadhams and AFT are considered Massachusetts citizens. Complete diversity thus did not exist between parties, and the district court correctly held that it lacked subject matter jurisdiction over this case.

Next, we review a decision to deny discretionary relief under Rule 60(b) for abuse of discretion. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 997 (5th Cir. 2001). In relevant part, Rule 60(b)(1) allows a court to relieve a party from a judgment or order based on the party's "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985). With regard to "mistake, inadvertence, . . . or excusable neglect," "'[i]gnorance of the rules is not enough, nor is ignorance of the law.'" *Id.* at 287 (citing 11 Wright & Miller, Federal Practice and Procedure § 2858 at 170 (footnotes omitted)).

The mistake putatively justifying grounds for relief here stems from a misunderstanding of the rules governing diversity jurisdiction. Wadhams's counsel initially erred in bringing this suit under diversity jurisdiction without correctly determining the citizenship of AFT. Such ignorance of law cannot support a Rule 60(b) motion. *See Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) ("[C]ounsel's carelessness with or misapprehension of

the law or local rules does not justify relief.").[1] The district court did not abuse its discretion in denying Wadhams's Rule 60(b) motion.

Finally, we consider the district court's denial of Wadhams's motion to amend under FRCP Rule 15(a)(2). We review a denial of leave to amend for abuse of discretion. *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). Although a court "should freely give leave [to amend] when justice so requires," FED. R. CIV. P. 15(a)(2), leave to amend can be denied when justified by, for example, mootness. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006). The district court need not give reasons when the reason justifying the denial is apparent and the record reflects "ample and obvious grounds" for doing so. *See id.* (internal quotations omitted) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004)). Both conditions are present here. Because the district court did not have subject matter jurisdiction, all it could do was dismiss the suit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). It thus did not abuse its discretion in disallowing a motion to amend after it had already dismissed the suit.[2]

---

[1] Wadhams's attempts to distinguish the facts in the present case from the facts in *Trevino* are unavailing, as such differences do not affect the underlying principle that a Rule 60(b) motion will not be granted for a mistake solely involving ignorance of the law. *See Trevino*, 944 F.3d at 571.

[2] Wadhams also argues that the court should not have dismissed her suit without ruling on a March 10, 2021 motion to amend her complaint to add a federal cause of action under 42 U.S.C. § 1983. But the district court was without jurisdiction to grant Wadhams's motion for leave to add a § 1983 claim. This court has held that "an amendment may not remedy a jurisdictional defect by asserting a cause of action to serve as a statutory basis for federal question jurisdiction." *In re Katrina Canal Breaches Litig.*, 342 F. App'x 928, 931 (5th Cir. 2009) (citing *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000)). This is what Wadhams's amendment sought to do, and the district court did not err by *sub silentio* denying leave to amend when it dismissed the case for lack of subject-matter jurisdiction.

No. 22-40246

For the foregoing reasons, we AFFIRM.