# United States Court of Appeals for the Fifth Circuit

No. 21-11154
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 13, 2022

Lyle W. Cayce
Clerk

Wilbert Norwood Starks,

*Plaintiff—Appellant*,

*versus*

Robert J. Davis, *Attorney*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-2771

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Wilbert Norwood Starks, proceeding pro se, appeals the district court's denial of his petition for a writ of mandamus for lack of subject matter jurisdiction or, alternatively, as frivolous and the denial of his motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). In both his petition for a writ of mandamus and in the instant appeal, Starks

---

* This opinion is not designated for publication. *See* 5th Circuit Rule 47.5.

No. 21-11154

challenges a Texas state court judgment ordering him to pay sanctions and fees. Starks contends that the state court that entered the order lacked jurisdiction, which he argued rendered the order void.

We review the denial of a Rule 59(e) motion for abuse of discretion. *See Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019). Because Starks filed his notice of appeal after the denial of his Rule 59(e) motion, the denial of that motion merged with the underlying judgment such that we may consider both the denial and the judgment. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). We review the dismissal of a suit for lack of subject matter jurisdiction de novo. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). Further, we review dismissals as frivolous for abuse of discretion. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *see* 28 U.S.C. § 1915(e)(2)(B).

In his federal civil action, Starks requested that the district court grant the petition for a writ of mandamus and overturn the state court's sanctions and fees order. His claims concerning the state court order are barred under the *Rooker–Feldman*[1] doctrine because they invite the federal district court's "review and rejection" of the state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). The district court lacked the power to nullify the state court sanctions and fees order because federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. *Id.*

---

[1] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

No. 21-11154

Starks attempts to sidestep *Rooker–Feldman* by arguing that the state court judgment was void from the outset. However, the cases that recognize the voidness exception indicate that it is presently limited to the bankruptcy context. *See Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003). Further, Starks's claims that the sanctions and fees order was void lack merit.

Accordingly, the district court did not err or abuse its discretion by dismissing Starks's claims as barred by the *Rooker–Feldman* doctrine and as frivolous. *See Lane*, 529 F.3d at 557; *Berry*, 192 F.3d at 507. Moreover, the district court did not abuse its discretion by denying Starks's Rule 59(e) motion on the same grounds. *See Trevino*, 944 F.3d at 570.

AFFIRMED.