# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2023

Lyle W. Cayce
Clerk

No. 22-30485
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Nelson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:93-CR-55-1

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Michael Nelson, former federal prisoner # 02461-095, filed a petition for writ of coram nobis alleging misconduct by law enforcement in connection with his 1994 drug convictions. The district court denied the petition and subsequently denied Nelson's motion to alter or amend the judgment under

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30485

Federal Rule of Civil Procedure 59(e) and motion to supplement the Rule 59(e) motion. Nelson appeals.

We review the district court's "decision to deny the writ [of coram nobis] for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010). "The writ [of coram nobis] will issue only when no other remedy is available and when sound reasons exist for failure to seek appropriate earlier relief." *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (internal quotation marks, brackets, and citation omitted); *see also United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004). As Nelson fails to show why his claims presented in his petition for a writ of coram nobis could not have been raised previously, he fails to show an abuse of the district court's discretion. *See Esogbue*, 357 F.3d at 535.

"Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F. 3d 177, 182 (5th Cir. 2012); *see also Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). We review the denial of relief under Rule 59(e) for abuse of discretion. *See Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019). Nelson's argument challenging the denial of Rule 59(e) relief, including the denial of his motion to supplement, does not present any changes in the law, new evidence, or manifest errors in the order denying of coram nobis relief. Nelson has failed to show that the district court abused its discretion in denying relief under Rule 59(e). *See Trevino*, 944 F.3d at 570; *Seven Elves*, 635 F.2d at 402.

No. 22-30485

Nelson has also filed a motion entitled "Judicial Notice." This pleading requests no specific relief separate from his arguments on appeal. The motion is unnecessary.

AFFIRMED; MOTION DENIED AS UNNECESSARY.