# United States Court of Appeals for the Fifth Circuit

---

No. 23-10105
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

James Slaughter,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:99-CR-10-1

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

James Slaughter, federal prisoner # 32675-077, appeals the denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment of the district court granting him relief under section 404 of the First Step Act of 2018 (FSA), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. We review for an abuse of discretion. *See United States v. Batiste*, 980

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10105

F.3d 466, 469 (5th Cir. 2020); *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019).

The district court was not permitted to consider Slaughter's challenges to his U.S.S.G. § 2D1.2(a)(1) enhancement and the court's prior drug-quantity determination; these arguments, which are not premised upon section 404 or post-sentencing changes to applicable laws or facts, were matters for the original sentencing. *See United States v. Hegwood*, 934 F.3d 414, 418-19 (5th Cir. 2019), *abrogated on other grounds by Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022); *cf. United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) (compassionate release case holding that a prisoner cannot use 18 U.S.C. § 3582 to challenge the legality or duration of sentence); *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009) (explaining that arguments for direct appeal are not cognizable in § 3582(c) motions). Although Slaughter argues that the sentences imposed by the district court in granting him FSA § 404 relief are substantively unreasonable, his argument is foreclosed. *See Batiste*, 980 F.3d at 479-80.

Finally, Slaughter does not identify any authority requiring the district court to state findings and conclusions in denying his Rule 59(e) motion. *See* Fed. R. Civ. P. 59. Moreover, the district court stated that it had considered Slaughter's Rule 59(e) arguments, and it implicitly denied the motion for the reasons set forth in its previous order granting FSA § 404 relief, to wit: its consideration of the § 3553(a) factors, public safety, and Slaughter's post-sentencing conduct; no more was required. *See Concepcion v. United States*, 142 S. Ct. 2389, 2405 (2022); *Batiste*, 980 F.3d at 478-79.

AFFIRMED.