# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2023

Lyle W. Cayce
Clerk

No. 22-30364
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

James Gaharan,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:19-CR-136-1

_____

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

James Gaharan, federal prisoner # 21078-035, appeals the denials of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and his motion for reconsideration. We review each of those denials for an abuse of discretion. *See United States v. Chambliss*, 948

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30364

F.3d 691, 693 (5th Cir. 2020); *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019).

The district court denied Gaharan compassionate release because, inter alia, it determined that reducing his 97-month sentence for possession of child pornography would neither adequately deter him from criminal conduct nor reflect the seriousness of his offense. *See* 18 U.S.C. § 3553(a)(2)(A)-(B). Although Gaharan relies on *United States v. Sauseda*, No. 21-50210, 2022 WL 989371 (5th Cir. Apr. 1, 2022), to support his contention that the district court failed to provide an adequate explanation for denying him compassionate release, *Sauseda* is readily distinguishable; in that case, unlike this one, the judge who denied the § 3582(c)(1)(A)(i) motion was not the same judge who sentenced the movant, the Government had not filed any response to the motion, and the district court did not cite any specific § 3553(a) factors in support of its denial order. *Sauseda*, 2022 WL 989371, 1-3. The district court in the instant case, which denied relief after summarizing relevant parts of the record and making clear that it had considered the parties' arguments, was not required to provide a more thorough explanation. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) ("In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors.").

Contrary to Gaharan's contentions, the Government expressly argued that his sexual abuse of his minor student supported the denial of § 3582(c)(1)(A)(i) relief based upon the § 3553(a) factors. In any event, any Government failure to address those factors would not have precluded the district from considering them. *See Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021).

2

Gaharan raised in his § 3582(c)(1)(A)(i) pleadings his instant arguments that he is unlikely to recidivate in light of his post-sentencing conduct and his PATTERN score; the district court, which indicated that it had considered his pleadings, was not required to accept his arguments or provide a point-by-point rebuttal of them. *See Concepcion v. United States*, 142 S. Ct. 2389, 2404-05 (2022). Although Gaharan contends that his is a non-contact offense and, therefore, not sufficiently serious to warrant the denial of his § 3582(c)(1)(A)(i) motion, his assertion is belied by unchallenged facts contained in the presentence report and his receipt, without objection, of an offense-level increase for engaging in a pattern of activity involving the sexual abuse and exploitation of a minor student. *See* U.S.S.G. § 2G2.2(b)(5).

In short, Gaharan's disagreement with the district court's weighing of the § 3553(a) factors does not establish that the district court abused its discretion. *See Chambliss*, 948 F.3d at 694; *Trevino*, 944 F.3d at 570. We need not consider his contention that the district court erred in finding that he failed to show extraordinary and compelling reasons warranting relief. *See Ward*, 11 F.4th at 360-62.

AFFIRMED.