# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-30820

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2024

Lyle W. Cayce
Clerk

Kelton L. Spann,

*Plaintiff—Appellant*,

*versus*

Bogalusa Clerk of Court Office; Tonia Deleon, *Deputy Clerk*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-519

———————————————————————

Before Clement, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Kelton L. Spann, a Washington Parish Jail inmate at the time that he filed the instant appeal, moves to proceed in forma pauperis (IFP) on appeal following the dismissal of his 42 U.S.C. § 1983 suit for failure to state a claim and the subsequent denial of his Federal Rule of Civil Procedure 59(e) motion. Through his IFP motion, Spann challenges the district court's

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Contrary to Spann's assertion, the district court sufficiently complied with Federal Rule of Appellate Procedure 24(a)(3) and 28 U.S.C. § 1915(a)(3) by incorporating by reference its orders dismissing his complaint and denying his Rule 59(e) motion. *See Baugh*, 117 F.3d at 202 n.21. Spann does not address, and has therefore abandoned any challenge to, the district court's implicit dismissal of his claim that the Bogalusa City Court Clerk's Office (Clerk's Office), together with another local entity, retaliated against him for invoking his constitutional rights. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (holding that pro se appellant must brief arguments to preserve them).

We review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo and may affirm on any basis supported by the record. *Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015). Establishing municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), "requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell*, 436 U.S. at 694). Although Spann contends that he stated a valid *Monell* claim against the Clerk's Office and Deputy Clerk Tonia Deleon (in both her official and individual capacities) because they acted pursuant to an unconstitutional policy or custom of disallowing indigent defendants to appeal without paying fees and costs, he did not allege the existence of any official written policy, *see Balle v. Nueces Cnty.*, 952 F.3d 552, 559 (5th Cir. 2017), nor did he cite with specificity any similar prior incidents

as necessary to establish a policy based upon a pattern, *see Davidson v. City of Stafford*, 848 F.3d 384, 396 (5th Cir. 2017).

Moreover, in an order adjudicating Spann's motion for a waiver of the fees and costs of preparing his appeal, the presiding Bogalusa City Court judge waived some costs, denied the waiver of others, and observed that Spann failed to timely pay the non-waived costs; we may properly take judicial notice of this order as a matter of public record. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Unlike in *Williams v. Okla. City*, 395 U.S. 458, 458-60 (1969), upon which Spann relies to show a violation of his Fourteenth Amendment rights, the order does not reflect that the judge denied a full waiver of appellate fees and costs based upon any perceived lack of authority to grant such relief. More fundamentally, Spann did not allege sufficient facts in his complaint to plausibly show that the two named defendants could have granted him such a waiver in contravention of the judge's order. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Spann fails to identify a nonfrivolous issue challenging the Rule 12(b)(6) dismissal of his § 1983 suit. *See Iqbal*, 556 U.S. at 678; *Piotrowski*, 237 F.3d at 578; *Howard*, 707 F.2d at 220. He likewise fails to identify a nonfrivolous issue regarding whether the district court abused its discretion by denying his Rule 59(e) motion, which substantively reiterated his claims under *Monell* and *Williams*. *See Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019); *Howard*, 707 F.2d at 220. Accordingly, we DENY the IFP motion and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Our dismissal of the appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). In addition, Spann has a previous strike for purposes of § 1915(g).

No. 23-30820

*Spann v. Strain*, 726 F. App'x 265, 265, 267 (5th Cir. 2018).  We WARN Spann that if he accumulates a third strike, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).