# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30009
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2024

Lyle W. Cayce
Clerk

Manuel Tijerino,

*Plaintiff—Appellant*,

*versus*

Administrators of the Tulane Educational Fund,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-907

———————————————————

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Manuel Tijerino appeals the denial of his Federal Rule of Civil Procedure 60(b) motion for relief from the summary judgment against him in his lawsuit arising under the Family Medical Leave Act (FMLA). We review for abuse of discretion. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). To the extent that he challenges the grant of summary

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

judgment on his FMLA claims, we lack jurisdiction to consider those arguments as Tijerino did not file a timely notice of appeal from the original grant of summary judgment. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996).

In his Rule 60(b) motion and on appeal, Tijerino seeks relief on two grounds. First, he contends that he was entitled to relief under Rule 60(b)(1) given that counsel failed to present favorable evidence in summary judgment proceedings, failed to furnish Tijerino with a full copy of his deposition, and missed a pivotal deadline concerning summary judgment procedures. Counsel's conduct in this regard is not the type of "mistake" or "excusable neglect" envisioned by Rule 60(b)(1). *See Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985). He next argues that he was entitled to relief under Rule 60(b)(3) because the defendant fabricated a misleading narrative that deceived the district court in summary judgment proceedings. He does not, however, explain how the purportedly misleading narrative prevented him "from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). Accordingly, Tijerino has not demonstrated that the district court abused its discretion by denying relief under Rule 60(b). *See Seven Elves, Inc.*, 635 F.2d at 402.

The district court's judgment is AFFIRMED.