# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-30360
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2024

Lyle W. Cayce
Clerk

Gerald Dillion,

*Plaintiff—Appellant*,

*versus*

Jimmie Martin, Jr.; Argie Mark, Jr.; National Fire &
Marine Insurance Company,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-1727

———————————————————————

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

After disregarding eleven district-court orders and notifications over a span of seven months, Plaintiff-Appellant Gerald Dillion appeals an order denying reconsideration of a final judgment that dismissed his personal-injury case. We find no abuse of discretion and AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30360

## I.

Dillion sued Defendant-Appellee National Fire & Marine Insurance Company and its insureds, Jimmie Martin, Jr. and Argie Mark, Jr., in state court for injuries allegedly sustained in a traffic accident. National Fire removed the case to federal district court on May 23, 2023, invoking the court's diversity jurisdiction. The next day, the district court suspended Dillion's counsel, Barry W. Bolton, from its bar rolls for failing to pay triennial dues. The suspension entered after five unanswered court notifications of the deficiency over the preceding five months.

Bolton did not remedy the suspension. So, on July 10, 2023, the court issued an order requiring Bolton to show cause why he should not be sanctioned for failing to comply with the court's five notifications. It also ordered Bolton to "immediately remedy his suspension status … no later than" July 17. Citing Federal Rule of Civil Procedure 41(b), the court admonished, "**FAILURE TO TIMELY REPLY TO THIS ORDER MAY LEAD TO SANCTIONS, INCLUDING DISMISSAL OF THIS CASE**." Bolton did not comply and remained in suspended status.

On August 3, the district court issued a second order sanctioning Bolton $270 and withdrawing him as counsel in the case. The order—which the court sent to Dillion's personal address by U.S. Mail—granted Dillion until August 31 to enroll new counsel or state that he intended to proceed *pro se*. This order cautioned, "**Failure to timely comply with this order, other Court ordered deadlines, and failure to timely review the Clerk of Court record in this action will lead to dismissal of complaint, without prejudice.**" Neither Dillion nor Bolton timely complied.

Only after the court's August 31 deadline passed did Bolton remedy his suspension, pay the court's sanction, and move to reenroll as Dillion's counsel of record. In deciding Bolton's motion, the court noted "dismissal

2

would be justified" given the contumacy. In lieu of dismissal, however, the court ordered Bolton to pay a second, $300 sanction to promote "future compliance with court orders" and allowed Bolton to reenroll as Dillion's counsel.

Bolton apparently satisfied this second sanction, which prompted a third court order on October 16. There, the court directed Dillion and Bolton to serve process on the individual defendants by October 25. "Failure to do so will result in the **DISMISSAL** of the unserved Defendants **without further notice**." Neither Dillion nor Bolton responded, so the court dismissed the individual defendants on November 8.

The same day, the court set a scheduling conference for November 28. Bolton did not attend the conference, which provoked a fourth order directing Bolton to show cause by December 5 why he shouldn't be sanctioned for his unexcused absence. Bolton, again, did not comply.

Neither Bolton nor Dillion complied with the court's scheduling order, either, which required exchange of Rule 26 disclosures on December 12. And neither opposed National Fire's two motions for involuntary dismissal. On January 5, 2024, the court granted National Fire's second-filed unopposed motion for the reasons stated in the motion itself and "pursuant to Fed. R. Civ. P. 4(m), Fed. R. Civ. P. 41(b), and the multiple conspicuous warnings of dismissal" in its prior orders.

Dillion sought reconsideration on January 31 and later filed a "Motion to Reconsider Order of Dismissal with Substitute Memorandum in Support of Motion." There, Dillion asserted for the first time that Bolton had received none of the court's notices, filings, or orders because he'd not maintained a current e-mail address with the court's Case

No. 24-30360

Management/Electronic Case Files System ("CM/ECF System").[1] Noting "[t]he Federal Rules do not recognize a 'motion for reconsideration,'" the district court applied our precedent treating such motions as "either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)" and found no grounds to reopen the case under either rule. This appeal followed.[2]

---

[1] *See* FED. R. CIV. P. 5(b)(2)(e) (providing for service via CM/ECF Systems); E.D. LA. CIV. R. 5.1 ("All documents must be filed with the clerk of court in the manner provided in the court's Administrative Procedures for Electronic Case Filings and Unique Procedures and Practices for Electronic Filings, available at www.laed.uscourts.gov."); E.D. LA. ADMIN. PROC. FOR ELEC. CASE FILINGS & UNIQUE PROCS. & PRACS. FOR ELEC. FILINGS R. 2, at 1 (Mar. 2015), https://www.laed.uscourts.gov/case-information/procedures-and-practices-e-filing (requiring attorneys to register with the CM/ECF System: "Each attorney has a continuing obligation to notify the Court promptly of any changes in … email, or other ECF account information."); *id*. R. 4 at 2 ("All orders … and proceedings of the Court will be filed in accordance with these rules which will constitute entry on the docket kept by the Clerk"); *id*. R. 5 at 3 ("It is the responsibility of the ECF Filing User to maintain a working current e-mail account and to make any changes promptly to e-mail addresses."); *id*. R. 9 at 4 ("The 'Notice of Electronic Filing' that is automatically generated by the Court's [CM/ECF System] … constitutes service of the filed document on Filing Users."); *id*. R. 10 at 5 ("Electronic transmission of the Notice of Electronic Filing constitutes the notice required by the Federal Rules of Civil Procedure."); *id*. at 7 ("All documents submitted for filing … shall be filed electronically using the Electronic Case Filing System" and directing users how to update e-mail addresses for receipt of court notifications and filings).

[2] This was not the first time Bolton lost a client's case due to gross carelessness, non-compliance with court orders, and ignorance of CM/ECF System rules and procedures. Five years ago, the same district court ordered Bolton to "familiarize himself with the Federal and Local Rules and the Courts' electronic filing system" before ultimately dismissing due to Bolton's repeated absence from status conferences and non-compliance with court orders. *Bolton v. Int'l Paper Co.*, No. 16-13346, 2019 WL 2210738, at *2 (E.D. La. May 22, 2019) (internal quotation marks omitted); *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (per curiam) ("We may take judicial notice of prior court proceedings as matters of public record."). As here, Bolton urged reconsideration because "he had not received notice of the Rule, nor had he received any other Court orders." *Bolton*, 2019 WL 2210738 at *1. In response, the court's "Information Technology unit ran a diagnostic to determine whether the electronic filings had been received by Mr. Bolton at

No. 24-30360

## II.

We regard a motion for reconsideration as one filed under Rule 59(e) or Rule 60(b) depending "on the time at which the motion is served."[3] If "the motion is served within [28] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."[4] Here, Dillion sought reconsideration within 28 days of the January 5 dismissal, so we review for abuse of discretion under Rule 59(e).[5]

Rule 59(e) "allows a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact."[6] Dillion identifies none of these on appeal—no intervening change in law, no newly-discovered evidence, and no manifest error of law or fact. Rather, he cites and employs page-long block quotes from a hodgepodge of cases with no bearing on appellate review of Rule 59(e) motions.

Regardless, our prior decisions foreclose relief. In *Trevino v. City of Fort Worth*, the plaintiffs suffered a series of "break downs" in their attorney's "system of receiving notice of court filings," something

---

the e-mail address he provided. This diagnostic confirmed Mr. Bolton had received all of the Court's notices." *Id*. at *2. From this, the court refused to reconsider its dismissal. *Id*.

[3] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

[4] *Id.*; Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

[5] *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (per curiam).

[6] *Id.*

5

concededly within counsel's control.[7] Due to these glitches, counsel did not receive notice from the court's CM/ECF System that a Rule 12(b)(6) motion had been filed.[8] Even though the *Trevino* plaintiffs had actively prosecuted their claims throughout the litigation—even appealing an earlier order to this Court—the district court granted the unopposed motion and dismissed. Realizing their mistake after entry of judgment, the plaintiffs timely, though unsuccessfully, moved for relief under Rule 59(e). On appeal, they argued their counsel's "break downs" constituted "manifest error of law or fact" under the rule. We disagreed: "Failure to file a response to a motion to dismiss is not a manifest error of law or fact" under Rule 59(e).[9] "Nor is it a manifest error to deny relief when failure to file was within Plaintiffs' counsel's 'reasonable control.' Plaintiff's counsel admittedly violated the local rules."[10] So too here: Dillion did not oppose National Fire's motion to dismiss because his counsel violated district-court orders and local rules pertaining to the court's CM/ECF System—things uniquely within Dillion's and his counsel's "reasonable control."[11] That cannot sustain a Rule 59(e) motion.

---

[7] *Id.* (holding counsel "mistakenly failed to register with the court's" CM/ECF System and installed "defective antivirus software [that] diverted court emails to a spam folder").

[8] *Id.*

[9] *Id.* at 571.

[10] *Id.*

[11] *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (holding in a *Trevino* situation that counsel's e-mail glitches weren't manifest error where unopposed summary judgment entered: "Rollins's counsel was plainly in the best position to ensure that his own email was working properly—certainly more so than either the district court or Home Depot."); *see also supra* note 1.

No. 24-30360

While Dillion urges reversal under our Rule 41(b) caselaw, we see no principled reason to diverge from *Trevino*'s lessons here. Both the *Trevino* plaintiffs and Dillion lost their claims because they failed to respond to motions to dismiss their opponents properly filed and served through a district court's CM/ECF System. Both the *Trevino* plaintiffs and Dillion timely filed Rule 59(e) motions. Both blamed technological "break downs" for their failure to oppose the motions to dismiss. The only difference is the *Trevino* plaintiffs had not themselves received in the mail a cautionary order to exercise diligence; nor had they violated eleven court notices and orders leading up to their dismissal. Of course, a Rule 12(b)(6) decision is a disposition on the merits whereas a Rule 41(b) decision is not. But Dillion has not identified error in or otherwise addressed the district court's findings of aggravating factors warranting dismissal under our Rule 41(b) precedent.[12] In failing to do so, it "is the same as if he had not appealed that judgment."[13] AFFIRMED.

---

[12] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

[13] *Rollins*, 8 F.4th at 397 ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal."); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Berry*, 975 F.2d at 1191 & 1191 n.6 ("[W]here a plaintiff has failed to comply with several court orders or court rules, we have held that the district court did not abuse its discretion in involuntarily dismissing the plaintiff's suit with prejudice.").