# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2025

Lyle W. Cayce
Clerk

No. 25-10405

Jeremy Leeper,

*Plaintiff—Appellant*,

*versus*

Carte Blanche; Casey Larue; La Rue Doughnuts, L.L.C.;
Amy Larue,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-1091

_____

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:*

Jeremy Leeper, proceeding pro se, filed an amended complaint in the district court raising claims of discrimination and retaliation against his former employer, Carte Blanche. On several occasions, Leeper moved for default judgment on the basis that Carte Blanche failed to respond to his complaint. The district court denied Leeper's motions and sua sponte

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

dismissed his complaint for failure to state a claim upon which relief may be granted. Leeper now seeks leave to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Leeper contends that the district court erred in denying his motions for default judgment despite proper service of his complaint on the defendant, the defendant's failure to respond to his complaint, and his presentation of "well-pleaded factual allegations . . . clearly establish[ing] discriminatory and retaliatory conduct." Leeper, however, fails to challenge the district court's decision that, even if he satisfied the procedural requirements for default judgment, he was not entitled to such a judgment because he failed to allege a plausible discrimination or retaliation claim against Carte Blanche. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); *Evans v. City of Hous.*, 246 F.3d 344, 352 (5th Cir. 2001). Thus, he fails to raise a nonfrivolous issue with respect to the district court's order and judgment denying his motions for default judgment without a hearing and dismissing the complaint for failure to state a claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (stating that a "district court [is] authorized to consider the sufficiency of [a] complaint on its own initiative"). For the same reasons, Leeper has failed to demonstrate a nonfrivolous issue with respect to the district court's denial of his Federal Rule of Civil Procedure 59(e) motion. *See Trevino v. City of Fort Worth*, 944 F.3d 567, 570-71 (5th Cir. 2019).

In addition, the facts and arguments set forth in Leeper's proposed third amended complaint are indistinguishable from those of his second amended complaint. Consequently, amendment would have been futile, and

No. 25-10405

Leeper fails to raise a nonfrivolous issue with respect to the district court's decision denying his motion for leave to amend. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864-65 (5th Cir. 2003).

Because Leeper fails to show that his appeal will involve a nonfrivolous issue, his IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.